SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff-Appellee,

v.

NORTH AMERICAN RESEARCH
AND DEVELOPMENT CORP. et
al., Defendants-Appellants.

Nos. 531, 798, Docket Nos.
74–1750, 74–1831.

United States Court of Appeals,
Second Circuit.

Argued Feb. 13, 1975.

Decided Feb. 24, 1975.

Sidney Schreiberg, New York City, for defendants-appellants White and North American Research and Development Corp.

Alfred Blumberg, pro se.

Richard E. Nathan, Asst. Gen. Counsel, S. E. C., Washington, D. C. (Lawrence E. Nerheim, Gen. Counsel, David Ferber, Sol., Richard O. Patterson, Atty., Washington, D. C., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and HOLDEN, District Judge.*

PER CURIAM:

In this action brought by the Securities and Exchange Commission

---

* Of the United States District Court for the District of Vermont, sitting by designation.

(SEC), appellants White, Blumberg and North American Research and Development Corp. were enjoined by an order of the United States District Court for the Southern District of New York, Edward Weinfeld, J., from committing further violations of various registration and anti-fraud provisions of the securities laws in connection with the offer and sale of shares in North American or any other securities. Judge Weinfeld wrote a thorough opinion, 375 F.Supp. 465 (1974), detailing the fraudulent practices appellants had engaged in. We would affirm on the basis of that opinion alone,[1] were it not for the claims pressed before us that appellants were denied due process by the application of Fed.R. Civ.P. 65(a)(2) in this case.

■ Appellants contend that they did not know at the time of the hearing at which preliminary injunctive relief was granted[2] that the evidence then adduced would be used against them at the trial on the merits. But Rule 65(a)(2) itself gives notice that this may be done.[3] Judge Weinfeld also gave appellants adequate notice before the trial that he would rely on the preliminary hearing

evidence. Appellants thus had the opportunity to object to inadmissible items, to recall and cross-examine SEC witnesses, to call defense witnesses, and otherwise to present a defense.

■■ Appellants' most substantial argument is that the five-year time lapse and change in judges between the hearing on the preliminary injunction and the trial on the permanent injunction necessitated a de novo trial or at least a formal reading into the record of the transcript of the preliminary hearing. The 1966 Advisory Committee Note to the amendment of Rule 65 states that "some repetition of testimony may be called for where the trial is conducted by a judge who did not hear the application for the preliminary injunction." It is clear, however, that the decision on whether to have repetition of testimony is one for the sound discretion of the trial judge. Judge Weinfeld did not abuse his discretion. The parties were given "a full opportunity to present evidence in the case." 7 J. Moore, Federal Practice ¶ 65.04 [4] at 65–66 (2d ed. 1948). Due process requires no more.[4]

Affirmed.

1. That the SEC was required to meet a heavier burden at the trial on the merits than it did to obtain a preliminary injunction does not mean, as appellants contend, that the evidence which supported issuance of the latter is an insufficient basis for a permanent injunction. We agree with Judge Weinfeld that the evidence fully supports issuance of the permanent injunction.

2. After a seven-day hearing before then District Judge Mansfield, he granted a preliminary injunction against White and North American but denied it as to Blumberg. 280 F.Supp. 106 (S.D.N.Y.1968). This court affirmed as to the former, but reversed as to Blumberg and remanded for further proceedings. 424 F.2d 63 (2d Cir. 1970). Thereafter, a preliminary injunction was entered against Blumberg. The SEC then sought to make the injunction against appellants permanent by moving for summary judgment. This was denied by Judge Motley, 59 F.R.D. 111 (S.D.N.Y. 1972); see note 4 infra.

3. Rule 65(a)(2) provides that even when consolidation of the preliminary injunction hearing and the trial on the merits is not ordered (it was not here), "any evidence received

upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

4. Judge Motley's opinion denying summary judgment, see note 2 supra, was based primarily on due process considerations and construction of Rule 65(a)(2). She did not allow the preliminary hearing testimony to be used as the basis for granting summary judgment against appellants, although she pointed out that the SEC was free under Rule 65(a)(2) to use that evidence at the trial on the merits. Now that the SEC has followed that suggestion, the due process considerations are completely different, since appellants have had the opportunity to litigate fully all issues of fact and law. As Judge Motley wrote, "defendants were rightfully entitled to expect that they would have a further day in court" after the preliminary injunction hearing. 59 F.R.D. at 114. Appellants now have had their trial before Judge Weinfeld. It is no denial of due process if they chose not to present any evidence there.