**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 292, AFL–CIO, a labor organization, Plaintiff and Counter-Defendant,**

v.

**WER–COY FABRICATION COMPANY, INC., a Michigan Corporation, Defendant and Counter-Plaintiff.**

**Civ. A. No. 81–71144.**

United States District Court,
E.D. Michigan, S.D.

Jan. 18, 1984.

---

**14.** Taxable costs will be awarded Ryan under      Rule 54(d).

Ann E. Neydon, Detroit, Mich., for plaintiff and counter-defendant.

Wallace M. Handler, Birmingham, Mich., for defendant and counter-plaintiff.

## MEMORANDUM OPINION

FEIKENS, Chief Judge.

This action arises out of a labor dispute. Jurisdiction is predicated on Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Plaintiff brings motion to confirm arbitrator's award and dismiss defendant's counterclaim. Defendant brings motion to deny enforcement or vacate the arbitrator's

award or, in the alternative, to dismiss or grant summary judgment.

## I. BACKGROUND

Defendant Wer-Coy Fabrication Company, Inc. ("Wer-Coy") is a Michigan corporation engaged in the business of fabricating sheet metal products. Plaintiff Sheet Metal Workers International Association, Local Union No. 292, AFL–CIO ("Union"), is the collective bargaining agent of Wer-Coy's employees. On August 4, 1980, Wer-Coy discharged Anthony Dubich, an employee and union steward. A grievance concerning that discharge was filed, and the matter was submitted to arbitration pursuant to the collective bargaining agreement. On March 29, 1981, the arbitrator issued his opinion and award finding that the discharge was improper and directing Wer-Coy to reinstate Dubich with back pay. Wer-Coy refused to reinstate Dubich, and on April 10, 1981, the Union responded by filing this action to enforce the arbitrator award. In response to the Union's action, Wer-Coy filed a counterclaim against the Union claiming, *inter alia*, that the Union breached the collective bargaining agreement by alleged work stoppages in 1979 and 1980.

On February 19, 1982, in accordance with stipulation by both parties, I ordered that the matters involved in Wer-Coy's counterclaim be submitted to binding arbitration. Hearings were held before Arbitrator Jerome Brooks in December 1982, and January 1983. On May 13, 1983, the arbitrator issued his decision and award finding that Wer-Coy's counterclaim was without merit and should therefore be denied.

Wer-Coy refused to agree to the entry of an order adopting the findings of the arbitrator; thus, the Union moved to confirm the arbitrator's award and dismiss the counterclaim. Wer-Coy moved to deny enforcement or vacate the arbitrator's award and moved for dismissal or summary judgment for lack of jurisdiction. For reasons stated, the Union's motion to confirm the award is granted, and Wer-Coy's motions are denied.

## II. DISCUSSION

### A. *Confirmation of the Arbitrator's Award*

■■■ In opposing confirmation of the arbitrator's award, Wer-Coy argues that the arbitrator failed to accept certain evidence into the record, and that such refusal requires vacation of the award pursuant to Section 10 of the Federal Arbitration Act.[1] The evidence which Wer-Coy argues was wrongfully excluded stems from an earlier action filed by Wer-Coy against the Union seeking injunctive relief from alleged work stoppages by the Union. In this prior action, No. 80–71972, the Honorable Patricia Boyle held several days of hearings on a motion for preliminary injunction. Wer-Coy claimed that certain evidence and findings from this prior hearing were relevant to issues involved in the instant case, and requested that Arbitrator Brooks incorporate such evidence into the arbitration record. Arbitrator Brooks refused to do so, and Wer-Coy claims that such refusal was error which requires vacation of the award.

Wer-Coy bases its argument on Fed.R. Civ.P. 65(a)(2), which provides in relevant part:

[A]ny evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial.

Wer-Coy argues that this provision is mandatory, and that such material must automatically become part of the trial record. Wer-Coy further argues that the failure to

---

1. Title 9 U.S.C. § 10 provides in pertinent part:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—. . . .

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

include such material requires vacation of the award pursuant to 9 U.S.C. § 10(c). This contention is without merit for at least three reasons.

First, there is some question as to the applicability of Rule 65 to this situation. Rule 65(a)(2) by its terms deals with the inclusion of evidence in the record upon *trial.* Wer-Coy has cited no authority for the proposition that Rule 65 is applicable in cases where a matter goes to arbitration, rather than trial. Without deciding the matter, it may be noted that arbitration often involves considerations very different than those involved in a judicial trial, and that it is by no means clear that a rule intended for trials will be equally applicable to arbitration proceedings.

Second, Rule 65(a)(2) provides that evidence received upon an application for a preliminary injunction "need not" be repeated at trial. It does not provide that such evidence *cannot* be repeated. It is clear that repetition of evidence is permitted, and that the trial judge is free to discount the prior evidence in favor of the new evidence. *See generally,* 11 Wright & Miller, Federal Practice and Procedure § 2950 n. 65 & 67. It is also recognized that the decision as to whether to require repetition is committed to the discretion of the trial judge. *Securities & Exchange Commission v. North American Research and Development Co.,* 511 F.2d 1217 (2d Cir.1975). The Advisory Committee Note to Rule 65(a)(2) states that, "[S]ome repetition of testimony may be called for where the trial is conducted by a judge who did not hear the application for the preliminary injunction." Here the arbitrator was obviously not the judge who held the evidentiary hearings on the preliminary injunction. In light of this, it was well within the arbitrator's discretion to require repetition.

Thus, even if inclusion is mandated, it is clear that the arbitrator was free to require repetition and to discount the prior evidence. This is exactly what the arbitrator did. Under 9 U.S.C. § 10(c) the arbitrator's award may be vacated where the arbitrator refused to hear evidence which was "perti-

nent and material to the controversy." In this case, even accepting Wer-Coy's contentions of automatic inclusion, all the arbitrator arguably refused to hear was evidence which he had already decided should be repeated. Such evidence cannot be said to be pertinent and material, and thus failure to include it cannot constitute grounds for vacating the award.

■ Finally during hearings on these motions Wer-Coy was unable to identify any evidence contained in the record of Judge Boyle's preliminary injunction hearing which it was unable to introduce before Arbitrator Brooks during the arbitration hearings. The arbitrator conducted full and extensive hearings on this matter, and both sides had ample opportunity to introduce evidence. Wer-Coy was not prejudiced by an inability to introduce evidence before the arbitrator, and is attempting here to convert an arguable technical error into grounds for vacation of the award. This it cannot do.

### B. *Jurisdiction*

During oral argument on the motion for confirmation of the award, I made it clear that I was unimpressed by the argument that the award should be vacated for failure to include the preliminary injunction evidence into the record. In response to this, and in an apparent attempt to forestall an immediate ruling on this matter, Wer-Coy raised a new contention that this court lacked subject matter jurisdiction. In that claims of lack of subject matter jurisdiction cannot be waived, the parties were ordered to submit supplemental briefs on the jurisdictional question.

Wer-Coy contends that certain alleged breaches of collective bargaining agreement on the part of the Union were so material that the agreement became a nullity and was repudiated as early as August 4, 1980. Wer-Coy asserts that its claim of repudiation brings issues of the existence of a collective bargaining agreement and of unfair labor practices into question, that such matters are within the sole province of the National Labor Relations Board

("NLRB"), and that this court is therefore without jurisdiction. Such a contention is patently frivolous.

■ It has long been recognized that matters which involve both alleged breach of collective bargaining agreement and alleged unfair labor practices or other statutory labor violations fall within the concurrent jurisdiction of the courts and the NLRB. *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Carey v. Westinghouse Electric Co.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). In speaking to the precise issue involved in this case, the U.S. Court of Appeals for the Ninth Circuit recently stated:

> The primary jurisdiction of the NLRB over unfair labor practice charges does not preclude the district court from exercising jurisdiction over an action to confirm an arbitrator's award based upon a collective bargaining agreement, even where such award presents a potential conflict with an NLRB decision.

*Orange Belt District Council of Painters No. 48 v. Maloney Specialties, Inc.*, 639 F.2d 487, 490 (9th Cir.1981). It is absurd to argue that a party can first consent to arbitration, and then, upon an unfavorable result, divest the court of jurisdiction at the eleventh hour by merely contending that alleged breaches of collective bargaining agreement are so material as to nullify the contract.

■ Aside from the legal short-comings of this jurisdictional argument, there is a factual problem. The Union's supplemental brief on this issue contends that, even if the NLRB had exclusive jurisdiction over this matter, the Board already exercised its jurisdiction and decided that the collective bargaining agreement was not nullified or repudiated in August 1980, or any time

thereafter. The Union submitted a copy of an NLRB decision dated February 17, 1982, which apparently decides the precise issue which Wer-Coy now attempts to raise. The decision declares the collective bargaining agreement to be in full force and effect, and orders Wer-Coy to cease and desist from refusing to acknowledge that it is bound by the agreement. Wer-Coy has not responded to this contention, and apparently does not dispute that the issue of the agreement's validity has already been submitted to and decided by the NLRB.[2] Thus, even if the NLRB did have exclusive jurisdiction over this matter, I would have no choice but to find that it had already exercised jurisdiction over the matters within its purview.

## III.   CONCLUSION

The matters at issue in this case were submitted to arbitration by stipulation of the parties and order of the court. The arbitrator's award was proper, and will therefore be confirmed. Wer-Coy's motions to deny enforcement or vacate the award and to dismiss or grant summary judgment are without merit, and are denied. In accordance with the arbitrator's award, Wer-Coy's counterclaim is dismissed with prejudice.

An appropriate order may be submitted.

---

**2.** Counsel for the Union suggests in her brief that this entire jurisdictional argument was invoked only to deceive, harass, and cause delay, and therefore violates the good faith requirement of Fed.R.Civ.P. 11. This contention is not entirely without merit. This jurisdictional argument was raised at the last possible minute in an apparent attempt to forestall the ruling of the court and is predicated upon frivolous legal foundation. Moreover, it completely ignores the fact that the NLRB has apparently already exercised its jurisdiction over this matter. While I am not at this time prepared to impose sanctions for violation of Rule 11, counsel should be on notice that this behavior is, to say the least, close to the line.